**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daylon Jordan, | No.  CV-25-02959-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Several pending Motions[1] will be addressed in this Order: (1) Defendants Kendall Mudrow and Joshua Mudrow's Motion to Set Aside Entry of Default (Doc. 19); (2) Plaintiff Daylon Jordan's Motion for Default Judgment (Doc. 20); Plaintiff's Motion for Entry of Default as to Defendant Allstate Insurance Company (Doc. 26); (4) Plaintiff's Motion for Leave to Amend Complaint to Correct Defendant's Name (Doc. 38). For the following reasons, the Court now rules as follows.[2]

## I.    BACKGROUND

This action arises from a car accident that occurred on April 23, 2025, involving

---

[1]    Also pending before the Court is the Motion to Dismiss filed by Defendants Maricopa County Sheriff's Office and Officer Daris (Doc. 31) and the Motion for Judicial Notice accompanying that Motion (Doc. 32). Those Motions will not be resolved at this time.

[2]    Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Plaintiff and Defendant Kendall Mudrow. (Doc. 1 at 3–4). Plaintiff alleges that he was driving within the speed limit and had right-of-way when Defendant Mudrow's vehicle made a turn, and the two vehicles collided. (*Id.*). Plaintiff's hand was injured "with glass" during the collision. (*Id.* at 4). A Maricopa County Sheriff's Deputy responded to the collision and issued Plaintiff a citation for failure to wear his seatbelt. (*Id.*).

On April 24, 2025, Defendant Kendall Mudrow filed a claim with Allstate and reported that Plaintiff was at fault in the accident because he was speeding. (*Id.* at 5). Plaintiff alleges that the claim was rejected by GEICO, Plaintiff's insurer. (*Id.*). Plaintiff alleges that Defendant Allstate contacted him and "stat[ed] he had been cited for speeding," which Plaintiff alleges is untrue. (*Id.*). Plaintiff alleges that since the accident, he has experienced medical issues as well as mental and psychological distress from the accident. (*Id.* at 6–7).

Plaintiff initiated this case on August 18, 2025 against Defendants Maricopa County Sherrif's Office ("MCSO"), MCSO Deputy A. Daris, Allstate Insurance Company ("Allstate"),[3] Kendall Mudrow, and Unknown Mudrow ("Joshua Mudrow"). (*See* Doc. 1). Plaintiff brings claims for: (1) Violation of First Amendment, Fourth Amendment, and the Fourteenth Amendment against Defendant MCSO and Defendant Daris; (2) Negligent Investigation and Malicious Prosecution against Defendant MCSO and Defendant Daris; (3) Bad Faith and Insurance Misconduct against Defendant Allstate; (4) Defamation and False Reporting against Defendants Mudrow; (5) Intentional Infliction of Emotional Distress against all Defendants; and (6) Discrimination in violation of the Fourteenth Amendment and federal and state anti-discrimination laws against all Defendants. (*Id.* at 8–23). He requests compensatory damages, punitive damages, and declaratory relief. (*Id.* at 23–25).

---

[3]    Plaintiff initiated this case against Defendant Allstate Insurance Company. (Doc. 1). However, Defendant Allstate points out that Plaintiff erroneously sued Allstate Insurance Company, when the entity involved in this dispute is Allstate Fire and Casualty Insurance Company. (Doc. 35 at 1). The Court will address that issue in resolving Plaintiff's Motion to Amend.

Now, there are several pending Motions before the Court and Defendants are in different procedural postures. First, default was entered against Defendants Kendall and Joshua Mudrow (Doc. 15), who moved to set aside default. (Doc. 19). Defendant Allstate answered the Complaint (Doc. 23), and Plaintiff then moved for entry of default. (Doc. 26). Defendants MCSO and Officer Daris moved to dismiss the Complaint (Doc. 31). Finally, Plaintiff moved to amend the Complaint to correct Defendant Allstate's name. (Doc. 38).

## II.    MUDROW DEFENDANTS' MOTION TO SET ASIDE

The Court will first address Defendants Kendall and Joshua Mudrow's Motion to Set Aside. Because that Motion will be granted, Plaintiff's Motion for Default Judgment is moot. *See Troy-CSL Lighting, Inc. v. Bath Kitchen Decor, LLC*, No. CV 13-8834 GAF (VBKx), 2014 WL 12911165, at *5 (C.D. Cal. Aug. 28, 2014) ("In light of the Court's decision to set aside the entry of default against Defendants, Plaintiff's application for default judgment must be denied. . . . Plaintiff can no longer meet Rule 55(b)'s procedural requirements for default judgment.").

Plaintiff filed proof of service for all Defendants on September 15, 2025. (Docs. 8–12). Defendant Mudrow was served on September 4, 2025. (Doc. 11). Plaintiff filed an Application for Entry of Default on September 29, 2025 and default was entered the same day. (Docs. 14, 15). On September 29, 2025, Defendants Mudrow also filed a Motion to Dismiss, which was denied by the Court because default had been entered. (Docs. 16, 17). Defendants Mudrow then filed the Motion to Set Aside Entry of Default (Doc. 19) and Plaintiff filed a Motion for Default Judgment (Doc. 20).

### A.  Legal Standard

Federal Rule of Civil Procedure ("Rule") 55(c) directs that "[t]he court may set aside an entry of default for good cause." In determining whether good cause exists, a court must consider: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal

3

quotation marks and alterations omitted). If any one of the factors is true, the court has sufficient reason to refuse to set aside the default. *Id.* However, the court's discretion under Rule 55(c) is "especially broad," and the court should "resolve[ ] all doubt in favor of setting aside the entry of default and deciding the case on its merits." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). This is because "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

### B. Discussion

For the following reasons, the Court finds that Defendants Kendall and Joshua Mudrow have demonstrated good cause such that the entry of default should be set aside.

### 1. Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092 (internal quotation marks and alteration omitted). Under the *Mesle* standard, a defendant "intentionally" fails to answer when he acts with bad faith, "such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulates the legal process." *Id.* (internal quotation marks omitted). The mere "conscious choice not to answer" does not make a defendant's conduct culpable. *Id.* Rather, the Ninth Circuit has "typically held that a defendant's conduct was culpable for the purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* (internal quotation marks and alteration omitted).

Here, the Mudrow Defendants argue that their conduct was not culpable because they acted in good faith. (Doc. 19 at 3–4). Defendants assert that they contacted Plaintiff to request an extension of time to respond to the Complaint, and Plaintiff agreed to an extension until October 9, 2025. (*Id.* at 3). But on September 27, 2025, Plaintiff informed the Mudrow Defendants that he would seek entry of default after all. (*Id.* at 3). On

September 29, 2025, Plaintiff applied for entry of default and Defendants simultaneously moved to dismiss the complaint. (*Id.* at 3–4). Defendants assert they did not intentionally disregard the rules and acted promptly to attempt to remedy the situation. (*Id.* at 4). Plaintiff, on the other hand, argues that Defendants were aware of their deadline but relied "on email correspondence instead of following the Court's rules," and they should have requested an extension by filing a Motion on the docket. (Doc. 21 at 4).

The Mudrow Defendants' failure to file a request for extension of time on the docket does not amount to culpable conduct. Although the Mudrow Defendants were represented by counsel at the time of default and therefore "an understanding of the consequences of [their] actions may be assumed," the facts do not reflect an intentional failure to answer. *Mesle*, 615 F.3d at 1093. Nothing here indicates that Defendants intended to take advantage of Plaintiff or manipulate the legal process. *See id.* at 1092. Instead, Defendants' counsel contacted Plaintiff regarding an extension of time and communicated their intent to respond to the pleading. (Doc. 19 at 3–4; Doc. 21 at 4). Requests or stipulations to extend court deadlines should be filed on the docket. However, Defendants' communication with Plaintiff about an extension provides a plausible explanation for their failure to respond that lacks any evidence of deviousness, willfulness, or bad faith. The Court finds that Defendants did not engage in culpable conduct that led to the default.

### 2. Meritorious Defenses

For the meritorious defense factor, a defendant seeking to set aside a default judgment must merely "allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. This burden is "not extraordinarily heavy," and the Court need not determine whether the alleged facts are true when deciding the motion to set aside the default. *Id.* at 1093–94 (internal quotation marks omitted). Here, Defendants assert four defenses: (1) the Court lacks diversity jurisdiction; (2) there is no federal question jurisdiction because the Complaint does not assert a federal cause of action against the Mudrow Defendants; (3) the Court should decline supplemental jurisdiction over the state law claims; and (4) Plaintiff's defamation, intentional infliction of emotional distress, and

discrimination claims fail to state a claim under Arizona law. (Doc. 19 at 4–5). Defendants assert that they have fully detailed these arguments in their Motion to Dismiss. *Id.* Defendants also assert that Plaintiff's claims against them fail under 12(b)(6), for the reasons stated in their Motion to Dismiss.[4] (Doc. 16).

In the Motion to Dismiss, Defendants argued that their statements to the law enforcement officer are privileged and do not constitute defamation, their conduct does not rise to the extreme and outrageous level necessary for a claim for intentional infliction of emotional distress, and that Plaintiff has not alleged any facts to support a discrimination claim against them. (Doc. 16 at 9–10). Although Defendants do not discuss the arguments at length in their Motion to Set Aside, the Court finds that the assertions referenced are sufficient to meet the minimal burden for this factor. *See Gold Star Res., LLC v. Balser*, No. CV-14-02733-PHX-NVW, 2015 WL 5817644, at *3 (D. Ariz. Oct. 6, 2015) (holding a defendant who alleged the contracts at issue had no warranties giving rise to the plaintiff's claims against him met the meritorious defense factor); *Whitmore v. Universal Am. Mortg. Co. LLC*, No. CV-14-01299-PHX-DGC, 2014 WL 5431203, at *3 (D. Ariz. Oct. 27, 2014) (finding an allegation of an applicable arbitration agreement sufficient to meet the meritorious defense factor). Therefore, the Court finds that Defendants have presented meritorious defenses. *See O'Connor*, 27 F.3d at 364 (The court should "resolve[ ] all doubt in favor of setting aside the entry of default and deciding the case on its merits.").

### 3. Prejudice to Plaintiff

For a plaintiff to be prejudiced under this factor, "the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001). Instead, "the standard is whether plaintiff's ability to pursue his claim will be hindered." *Id.* (internal quotation marks and alteration omitted). For delay to constitute prejudice, it must "result in tangible harm such

---

[4]   As stated above, the Motion to Dismiss was denied because default was entered against Defendants. (Doc. 17).

6

as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)).

Defendants argue that setting aside default will not result in prejudice to Plaintiff because the case is in an early stage, no discovery has been exchanged, and Plaintiff initially agreed to Defendants' request to extend their response deadline. (Doc. 19 at 5). Plaintiff argues that he would be prejudiced because he "has acted in reliance on the Clerk's entry of default and has prepared a motion for default judgment." (Doc. 21 at 5). But Plaintiff does not argue that his ability to litigate the case on the merits has been hindered in any way. *See FOC Fin. Ltd. P'ship v. Nat'l City Com. Cap. Corp.*, 612 F. Supp. 2d 1080, 1084 (D. Ariz. 2009) (holding that "forcing the parties to file additional briefs" does not amount to prejudice). No prejudice is apparent to the Court. Thus, the Court finds that Plaintiff will not be prejudiced by setting aside the entry of default.

### C. Conclusion

In sum, the Court finds that none of the factors that would negate good cause to set aside the entry of default are met. This case does not present any "extreme circumstances" that would justify the "drastic step" of default judgment. *See Mesle*, 615 F.3d at 1091. Accordingly, Defendants' Motion to Set Aside Default (Doc. 19) will be granted. As a result, Plaintiff's Motion for Default Judgment (Doc. 20) is moot.

### III.    PLAINTIFF'S MOTION AGAINST DEFENDANT ALLSTATE

Next, the Court will address Plaintiff's Motion for Entry of Default as to Defendant Allstate. (Doc. 26). As stated above, Plaintiff filed proof of service as to Defendant Allstate, stating that the summons and Complaint were served on the Arizona Department of Insurance on September 12, 2025. (Doc. 10). On October 7, 2025, Defendant Allstate filed an Answer to the Complaint. (Doc. 23). On October 8, 2025, Plaintiff filed a Response in opposition to the Answer (Doc. 25)[5] and the instant Motion for Entry of Default (Doc. 26).

---

[5]    Plaintiff filed a Response to the Answer. (Doc. 25). No such pleading is permitted under the Rules. Plaintiff is required to follow the Federal Rules of Civil Procedure and the

In his Motion for Entry of Default, Plaintiff argues that Defendant Allstate's responsive pleading was due October 3, 2025, 21 days from the date the documents were served on the Arizona Department of Insurance and Financial Institutions ("DIFI"). (Doc. 26 at 2). In Response, Defendant Allstate states that its registered agent, CT Corporation, did not receive the documents from DIFI until September 22, 2025. (Doc. 35 at 3). Further, Defendant Allstate argues that CT Corporation advised that the response was not due until 21 days from the date of receipt, making the responsive pleading deadline October 13, 2025. (*Id.*). On October 7, 2025, counsel reviewed the case and realized the responsive pleading deadline may be earlier, if calculated from the date it was served on DIFI. (*Id.* at 3–4). Defendant Allstate filed the Answer on October 7, 2025, "out of an abundance of caution," but argues that under A.R.S. § 20-222, it should have forty dates after the date of service on DIFI to answer or otherwise respond to the Complaint. (*Id.* at 4). Further, Defendant Allstate argues that "Plaintiff sued the incorrect Allstate entity," which further contributed to the delay in answering the Complaint. (Doc. 41 at 2–3).

The Court will accept Defendant Allstate's Answer. First, default was not entered against Defendant Allstate, as Plaintiff's Motion still remains pending. (Doc. 26). Indeed, Defendant Allstate filed its Answer before Plaintiff filed the instant Motion. (*See* Docs. 23, 25). Therefore, the Court need not decide whether to set aside default. Instead, the Court will accept the Answer, even if it was belated, to decide the case on the merits. Even in

Local Rules. Any future filings that do not conform will be stricken.

In the Response, Plaintiff asks the Court to strike Defendant Allstate's Answer as procedurally defective, deny the defenses asserted, and recognize Defendant Allstate's conduct as evidence of bad faith and neglect. (Doc. 25 at 10). Plaintiff also asks the Court to order Defendant Allstate "to produce the recorded phone call from April 25, 2025." (*Id.*). The Court will treat these requests as a Motion to Strike the Answer and a Motion for Discovery. For the same reasons that the Motion for Entry of Default Judgment as to Defendant Allstate (Doc. 26) will be denied, the Court will deny the Motion to Strike. In addition, the Court will deny the Motion for Discovery. Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Plaintiff may only obtain early discovery if authorized by the Court based on "good cause." *See Contentguard Holdings, Inc. v. ZTE Corp.*, No. 12cv1226-CAB (MDD), 2013 WL 12072533, at *1 (S.D. Cal. Jan. 16, 2013). No good cause appearing, the Court finds the request is premature and the Motion will be denied.

cases where default has been entered, the law cautions that "a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091. Therefore, the Court will deny Plaintiff's Motion for Entry of Default (Doc. 26).

### IV.    PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT

Finally, on October 22, 2025, Plaintiff filed a Motion for Leave to Amend the Complaint to Correct Defendant's Name, requesting permission to change Defendant Allstate's name from Allstate Insurance Company to Allstate Fire and Casualty Insurance Company (Doc. 38). Specifically, Plaintiff "seeks to correct a misnomer—substituting the proper corporate name of the existing defendant—and not to add new parties or claims." (*Id.* at 5).[6] On February 24, 2026, Plaintiff lodged a proposed Amended Complaint and filed a document titled Notice of Supplement to Plaintiff's Motion for Leave to Amend Complaint. (Doc. 46). In the Notice, Plaintiff requests leave to amend the Complaint to add a negligence claim against Defendants Kendall and Joshua Mudrow. (*Id.* at 3).

The Court will deny the Motion for Leave to Amend the Complaint without prejudice because Plaintiff has not adhered to the Rules in filing the Motion and Subsequent Notice. If Plaintiff seeks to file another Motion for Leave to Amend, he must comply with Federal Rule of Civil Procedure 15 and the Local Rules. Specifically, Plaintiff is directed to Rule 15.1 of the Local Rule Rules of Civil Procedure ("LRCiv"), Rules of Practice of the U.S. District Court for the District of Arizona.[7] Local Rule 15.1 provides in part: "A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits." LRCiv. 15.1. Any future requests filed by Plaintiff should be filed in the form of a Motion, rather than as a

---

[6]    Allstate Fire and Casualty Insurance Company has appeared in this case and informed the Court that Plaintiff erroneously sued Allstate Insurance Company. (Doc. 35 at 1).

[7]    The local rules may be found at: http://www.azd.uscourts.gov/local-rules

9

Notice or other filing. In addition, a Motion filed on the docket should not contain more than one Motion therein.

### V.    CONCLUSION

For the reasons stated above, the Court will grant Defendants Kendall and Johsua Mudrow's Motion to Set Aside Default (Doc. 19) and deny Plaintiff's Motion for Default Judgment as to the Mudrow Defendants. (Doc. 20). The Court will also deny Plaintiff's Motion for Entry of Default against Defendant Allstate. (Doc. 26). Therefore, none of Defendants are in default. The Court will deny without prejudice Plaintiff's Motion for Leave to Amend the Complaint (Doc. 38) and the additional request to amend the Complaint, contained in Plaintiff's Notice (Doc. 46). However, Plaintiff will have additional time to file a Motion for Leave to Amend the Complaint, if he chooses, as ordered below.

Accordingly,

**IT IS ORDERED** that Defendants Kendall and Johsua Mudrow's Motion to Set Aside Entry of Default (Doc. 19) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **vacate** the Entry of Default (Doc. 15).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 20) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Response to Defendant Allstate's Answer which the Court treats as a Motion to Strike and Motion for Discovery (Doc. 25) will be **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default as to Defendant Allstate (Doc. 26) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint to Correct Defendant's Name (Doc. 38) is **denied without prejudice**. The request to amend the complaint contained in Plaintiff's Notice of Supplement to Plaintiff's Motion for Leave to Amend the Complaint (Doc. 46) is also **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff must file a Motion for Leave to Amend to the Complaint, if he so chooses, by **April 28, 2026**.

**IT IS FINALLY ORDERED** that if Plaintiff does not file Motion for Leave to Amend the Complaint by **April 28, 2026**, Defendants Mudrow shall have until **May 12, 2026** to file a responsive pleading to the Complaint (Doc. 1).

Dated this 14th day of April, 2026.

_____

Honorable Steven P. Logan
United States District Judge